In the Matter of the Judicial Settlement of the Estate of
ELNATHAN WILCOX, Deceased.

*(Surrogate's Court, Orleans County, Filed September 1, 1892.)*

1. SURROGATE'S COURT—SATISFACTION OF DECREE—ACKNOWLEDGMENT.
    The satisfaction of a decree of a Surrogate's Court directing the
    payment of money is regulated by section 2553 of the Code.

2. SAME—CERTIFICATE.
    A certificate of authority of the officer taking the acknowledgment
    of such satisfaction in another State, which states that such officer
    "was duly authorized to take the same," is not sufficient; but such
    certificate should specify that such officer was one authorized by the
    laws of that State to take the acknowledgment of deeds.

Motion to file satisfactions of decree.

Sawyer & Fitch, for executor; Whedon & Ryan, for legatees.

SIGNOR, S.—In this matter. certificates of satisfaction of the
decree which directs the payment of money are filed by several
parties.   These certificates are executed out of the State and
acknowledged before a notary public, and have attached thereto
a certificate of the county clerk which certifies that the officer
taking the acknowledgment is a notary public duly commis-
sioned, etc., and "is duly authorized to take the same," but does
not certify that the officer was authorized by the laws of the
State where taken *to take the acknowledgment of deeds.*

The question has arisen so frequently in this court as to the
proper manner of satisfying a decree, that I deem it important
to review the provisions of the Code and the practice, in the
matter of the satisfaction of decrees of this nature in the Surro-
gate's Court.   The decree must be satisfied as if it was a judg-
ment of record.   Code of Civil Procedure, section 2553.   Mc-
Clellan's Surrogate Practice, p. 518 (3rd ed., 1888), gives Laws
of 1867, chapter 782, section 9, as the authority for the satis-
faction of a decree, but this act was repealed by the general

repealing act of 1880. That act provided that a decree might be satisfied, on filing a release "acknowledged or proved as now required as to a conveyance of real estate." It has been suggested that section 2553 applies only to decrees that have been docketed in the county clerk's office and become practically a judgment of the Supreme Court. It will be found, however, that this section contains the only provision in regard to such satisfactions, and in their notes the codifiers say: "A clause in the last sentence of this section supersedes Laws 1867, chapter 782, section 9."

From this it appears that the intention was to make the clause applicable to all such decrees, whether docketed or not. Section 1260 of the Code provides for the satisfaction of a judgment, and the last part of the section provides that, when not acknowledged by the clerk or his deputy, the satisfaction "must be acknowledged or proved and certified in like manner as a deed to be recorded in the county where it is filed." The provisions for the taking of acknowledgments of such instruments outside of the State are found in Laws 1848, chapter 195, sections 1 and 2, as amended by Laws 1867, chapter 557. (See 3 Birdseye's R. S. 2550, sec. 8.) This act provides that "the proof or acknowledgment of any deed, or other written instrument required to be proved or acknowledged, in order to entitle the same to be recorded or read in evidence, when made by any person residing out of this State and within any other State or Territory of the United States, may be made before any officer of such State or Territory authorized by the laws thereof to take the proof and acknowledgment of deeds." The following section provides that the same may be recorded or read in evidence when the proper officer attaches his certificate "specifying that such officer was, at the time of taking such proof or acknowledgment, duly authorized to take the same."

The certificates before the court are in a form frequently used, and certify that the officer before whom the annexed instrument was acknowledged was a notary public, etc., and "was duly authorized to take the same." If the instrument was a deed, this would be in effect certifying that he was, by the laws of

that State, authorized to take the acknowledgment of deeds, but it does not follow that, because by the law of the foreign State he was authorized to take the acknowledgment of the satisfaction of a decree in Surrogate's Court, he was authorized to take an acknowledgment of deeds. Nor will this be presumed. Bowen v. Stilwell, 9 Civil Pro. 281.

It has been suggested that these certificates follow the words of the statute, and therefore are sufficient, but it will be observed that the statute does not say *certifying* that he was authorized to take the same, but *"specifying* that he was authorized to take the same." It is not to be presumed that the county clerk of a county, outside of the State, is to certify that, by the laws of the State of New York, an officer of his State was authorized to take acknowledgments, but he may *specify* enough to warrant the court here in determining that he had the authority. This authority must be derived from the laws of this State. Ross v. Wigg, 34 Hun, 192.

The fact that he was authorized by the laws of the State where he resides to take acknowledgments of deeds would not authorize him to take the acknowledgment of these instruments. His entire authority, so far as his acts in this respect are concerned, is derived from our statute. The statute of this State might have provided that any attorney residing in that State might take the acknowledgment. The *specifying* required by the clerk is, that the officer taking is one that is authorized by the laws of that State to take acknowledgment of deeds, as, in the other case, it would specify that the person taking was an attorney residing in the State, while, on the other hand, the certifying that the officer was authorized by the laws to take acknowledgment to a satisfaction of a judgment does not *specify* him as an officer authorized by the laws of the State to take the acknowledgment. For this reason, that he is not specified, designated or pointed out as one having the required authority, the satisfactions cannot be filed until they are returned and the clerk *specifies* that the officer taking the acknowledgment was authroized by the laws of that State to take the proof and acknowledgment of deeds.